# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5890-17T4

T.H.,

    Plaintiff-Respondent,

v.

C.B.,

    Defendant-Appellant.

_____

Submitted March 19, 2019 – Decided April 2, 2019

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-1861-16.

Jabin & Fleming, LLC, attorneys for appellant (Christian P. Fleming, on the brief).

Respondent has not filed a brief.

PER CURIAM

    This is the third appeal in this action brought pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35.

In the first appeal, we vacated the final restraining order entered in plaintiff's favor and remanded for further proceedings because the judge did not adequately consider the admissibility of a video. T.H. v. C.B., No. A-4858-15 (App. Div. July 13, 2017) (slip op. at 4-6). Following our remand, the judge conducted additional proceedings and entered an FRO after finding defendant committed numerous acts of harassment described in our second opinion. T.H. v. C.B., No. A-2217-17 (App. Div. May 31, 2018) (slip op. at 4-5). In that second appeal, we found there was sufficient evidence to support the judge's finding that acts of harassment had occurred, id. at 8-9, but we vacated the FRO and remanded because the judge mistakenly failed to determine whether plaintiff required an FRO to protect her from future acts of domestic violence, id. at 9 (citing Silver v. Silver, 387 N.J. Super. 112, 128 (App. Div. 2016)).

Following that second remand, the judge conducted a hearing at which both parties were represented by counsel. Additional testimony was taken as well. At the hearing's conclusion, the judge thoroughly described prior acts of domestic violence and other circumstances he found sufficient to meet the previously omitted Silver requirement. The judge again entered an FRO in plaintiff's favor.

Defendant appeals, arguing:

A-5890-17T4

I. THE TRIAL COURT ERRED IN FINDING THAT A FINAL RESTRAINING ORDER IS NECESSARY.

II. THE COURT IMPROPERLY ADMITTED EVIDENCE OF OTHER ACTS OF ALLEGED DOMESTIC VIOLENCE.

We find insufficient merit in these arguments to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5890-17T4